UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: :
: Case No. 08-80315
CALVIN LESHAW BRADSHER, :
: Chapter 13
Debtor. :

## MOTION FOR RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE, MOTION FOR ADEQUATE PROTECTION

**NOW COMES** Bradbury Property Owners Association, Inc., ("Movant"), through its undersigned counsel, who moves for relief from the Automatic Stay in the above-captioned Chapter 13 case. In support of its Motion, Movant would show the Court as follows:

1. Debtor filed the above-referenced Chapter 13 case on February 29, 2009.

2. Upon information and belief, Debtor is the record owner of real property located at 2802 Thoreau Drive, Durham, North Carolina.

3. Movant is the holder of a valid claim of lien on said property pursuant to a Declaration of Covenants, Conditions and Restrictions for Movant (hereinafter "Declaration") ("Exhibit A").

4. The Declaration provides that Movant manages and administers the affairs of the homeowners and enforces the provisions of said Declaration. Said Declaration provides for the payment of assessments, and the remedy of foreclosure for nonpayment of assessments. Upon further information and belief, Movant continues to provide services to the Debtor pursuant to said Declaration.

5. Movant is not receiving regular adequate protection of its interest in the property. Based on the Order Confirming Plan entered June 20, 2008, the secured claim of Movant is to be paid by directly by the Debtor. Upon information and belief, Debtor is delinquent in his homeowners assessments. As of October 11, 2010, the total amount delinquent is $452.

6. The current assessed dues are $209 per annum. Bankruptcy attorney fees and costs total $650.00.

7. Upon information and belief, the value of the property exceeds the first mortgage debt leaving some equity in it.

WHEREFORE, Movant moves the Court for the following:

1. for relief from the Automatic Stay pursuant to §362 and §1301 of the Bankruptcy Code to permit it to proceed with foreclosure of Debtor's real property in accordance with state law.

2. for reimbursement of attorney's fees and costs incurred in connection with this Motion in the amount of $650.00.

3. for a ruling that the ten (10) day waiting period of Fed. R. Bankr. P. 4001 does not apply.

4. or, in the alternative, requiring the Debtor to provide adequate protection to Movant for its interest in the property.

This the 10 day of October, 2010.

HATCH, LITTLE & BUNN, L.L.P.

By: _____
Douglas Q. Wickham
Counsel for Movant
State Bar No. 13991
P. O. Box 527
Raleigh, N.C. 27602
(919) 856-3940

Loc. ID: 228    Bradbury
                Durham, NC  27703

| Resident | | Type | Date | CC Description | Check No | Amount | Balance |
|---|---|---|---|---|---|---|---|
| 222  01 | Calvin Bradsher | | | | | Beg Balance | 0.00 |
| | 2802 Thoreau Drive | Chg | 12/17/2009 | AH Annual Assessment | | 209.00 | 209.00 |
| | Durham NC 27703 | Cr | 12/17/2009 | AH Annual Assessment | | -209.00 | 0.00 |
| | | Chg | 12/31/2009 | LC Late Charge | | 90.00 | 90.00 |
| | | Chg | 12/31/2009 | AF Attorney Fees | | 60.00 | 150.00 |
| | | Chg | 12/31/2009 | T4 NSF Check Charge | | 23.00 | 173.00 |
| | | Chg | 01/01/2010 | AH Annual Assessment | | 209.00 | 382.00 |
| | | Chg | 03/31/2010 | LC Late Charge | | 10.00 | 392.00 |
| | | Pay | 04/16/2010 | Lckbx Pmt | 000191 | -229.00 | 163.00 |
| | | Rev | 04/23/2010 | CASH REVERSAL | 000191 | 229.00 | 392.00 |
| | | Chg | 04/30/2010 | LC Late Charge | | 10.00 | 402.00 |
| | | Chg | 05/31/2010 | LC Late Charge | | 10.00 | 412.00 |
| | | Chg | 06/30/2010 | LC Late Charge | | 10.00 | 422.00 |
| | | Chg | 07/31/2010 | LC Late Charge | | 10.00 | 432.00 |
| | | Chg | 08/31/2010 | LC Late Charge | | 10.00 | 442.00 |
| | | | | | | Res Balance | 442.00 |
| | | Chg | 09/30/2010 | LC Late Charge | | 10.00 | 452.00 |

Case 08-80315    Doc 39    Filed 10/12/10    Page 3 of 7

Prepared by: James B. Watkins

Recorded by and HOLD FOR: Moore & Alphin, PLLC

# DECLARATION OF

## COVENANTS, RESTRICTIONS AND EASEMENTS

## FOR

## BRADBURY GLEN AND BRADBURY TRACE


2004048835

FOR REGISTRATION REGISTER OF DEEDS
Willie L. Covington
DURHAM COUNTY, NC
2004 SEP 17 01:24:47 PM
BK:4545 PG:718-787 FEE:$218.00
NS:$25.00
INSTRUMENT # 2004048835

number of Lots and Living Units in the Neighborhood, or during the Deficit Funding Period, by dividing the total amount of expenses anticipated for the Neighborhood at full "buildout" by a number equal to 75% of the total number of Living Units planned for the Neighborhood (as reflected by the current Site Plan). The Neighborhood Assessments shall be payable in the same manner as the Base Assessments, in advance in monthly, quarterly, annual or semi-annual installments with the due dates being established by the Board.

    I.    Collection of Assessments. If any Residential Owner shall fail to pay any Assessment (or installment thereof) charged to such Residential Owner within fifteen (15) days after the same becomes due, then the Association shall have any and all of the following remedies to the extent permitted by law, which remedies are cumulative and which remedies are not in lieu of, but are in addition to, all other remedies available to the Association:

        1. To accelerate the entire amount of any Assessments levied on the applicable Living Unit or Lot for the remainder of the calendar year notwithstanding any provisions for the payment thereof in installments.

        2. To advance on behalf of the Residential Owner(s) in default funds to accomplish the needs of the Association up to and including the full amount for which such Residential Owner(s) is liable to the Association. The amount of any funds so advanced, together with Interest and all costs of collection thereof (including, but not limited to, Legal Fees), may be collected by the Association and such advance by the Association shall not waive the Residential Owner's default.

        3. To file an action in equity to foreclose its lien at any time after the effective date thereof. The lien may be foreclosed by an action in the name of the Association in like manner as a foreclosure of a mortgage on real property under power of sale under Article 2A of Chapter 45 of the North Carolina General Statutes, or as otherwise provided in the Planned Community Act.

        4. To file an action at law to collect said Assessment plus Interest and Legal Fees, without waiving any lien rights or rights of foreclosure in the Association.

        5. To charge Interest on such Assessment from the date it becomes due, as well as a late charge of Twenty-Five Dollars ($25.00) by the Association to defray additional collection costs.

    J.    Collection by Declarant. If for any reason the Association shall fail to collect the Assessments, then prior to the Turnover Date, Declarant shall have the right (but not the obligation): (i) to advance such sums as the Association could have advanced as set forth above; and (ii) to collect such Assessments (and if applicable, any such sums advanced by Declarant); using the remedies available to the Association against a Residential Owner as set forth above, all of which remedies are hereby declared to be available to Declarant.

    K.    Payments by Declarant and Institutional Mortgagees. Declarant and any Institutional Mortgagees shall have the right, but not the obligation, jointly or singly, and at their sole option, to pay any of the Assessments which are in default and which may or have become a charge against any Living Units or Lots. Declarant and any Institutional Mortgagees shall also have the right, but not the obligation, jointly or singly, and, at their sole option, to pay insurance premiums or fidelity bond premiums or other required items of Operating Expenses on behalf of the Association when overdue and when lapses in policies or services may occur. Declarant and any Institutional Mortgagees paying overdue Operating Expenses on behalf of the Association will be entitled to immediate reimbursement from the Association plus Interest and any costs of collection. The Association shall execute an instrument in recordable form evidencing the Association's obligation to make such immediate reimbursement and deliver the original of such instrument to each party who is so entitled to reimbursement.

    L.    Rental and Receiver. If a Residential Owner remains in possession of his Living Unit or Lot and the claim of lien of the Association against his Living Unit or Lot is foreclosed, the court, in its discretion, may require the

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: :
: Case No. 08-80315
CALVIN LESHAW BRADSHER, :
: Chapter 13
Debtor. :

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY OR IN THE ALTERNATIVE, MOTION FOR ADEQUATE PROTECTION

TO: ALL CREDITORS AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN of the Motion for Relief from Stay filed by Bradbury Property Owners Association, Inc., ("Movant"), through its undersigned counsel, in the above-captioned case; and

FURTHER NOTICE IF HEREBY GIVEN that this Motion may be allowed provided that no response for hearing is made by the trustee, creditors or other parties in interest in writing to the Clerk of this Court within fourteen (14) days from the date of this Notice; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for hearing is filed by the trustee, creditors or other parties in interest named herein in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by this Court and all interested parties will be notified accordingly. If no response for a hearing is timely filed, the Court may rule on the Motion and response thereto ex parte without further notice.

DATE: 10/12/10

HATCH, LITTLE & BUNN, L.L.P.

By: /s/ Douglas Q. Wickham
Douglas Q. Wickham
Counsel for Movant
State Bar No. 13991
P. O. Box 527
Raleigh, NC 27602
Telephone: (919) 856-3940

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing *Notice of and Motion for Relief from Automatic Stay* upon the parties listed below by depositing a copy of the same in the U.S. Mail, postage prepaid, addressed as follows:

Calvin Leshaw Bradsher
2802 Thoreau Drive
Durham, NC 27703

Richard M. Hutson, II
Chapter 13 Trustee
PO Box 3613
Durham, NC 27702

John T. Orcutt
Chapter 13 Trustee
6616-203 Six Forks Road
Raleigh, NC 27615

This the 12 day of October, 2010.

HATCH, LITTLE & BUNN, L.L.P.

By: _____
Douglas Q. Wickham
Counsel for Movant
State Bar No. 13991
P. O. Box 527
Raleigh, NC 27602
Telephone: (919) 856-3940